IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RITA C. ALBIN | § | |
| | § | |
| V. | § | CAUSE NO. 1:19-cv-0875-DAE |
| | § | |
| NATIONSTAR MORTGAGE LLC | § | |
| D/B/A CHAMPION MORTGAGE[1] | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Nationstar Mortgage LLC's Motion for Summary Judgment and Brief in Support (Dkt. Nos. 25 & 26). Plaintiff has not responded, but she did file a Motion to Dismiss Defendant Nationstar Without Prejudice (Dkt. No. 27), which Nationstar opposes. The District Court referred the Motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

**I. FACTUAL BACKGROUND**

This is a foreclosure case involving a defaulted reverse mortgage. Plaintiff Rita Albin and her deceased husband, Norbert Albin, took out a Home Equity Conversion Mortgage in 2009 on real property located at 3913 Cattleman Dr., Manchaca, Texas 78652. Pursuant to the terms of the Home Equity Conversion Deed of Trust, the Albins were required to pay property charges including taxes and insurance. The Albins failed to pay their taxes and insurance beginning in July 2012. Nationstar filed a lien on the property and obtained a court order allowing them to foreclose. On July 26, 2019, Albin filed suit in the 428th Judicial District Court of Hays County, Texas, Cause No. 19-1836,

---

[1] All claims against Wells Fargo Bank, N.A., were dismissed with prejudice by agreement of the parties by Order dated January 8, 2021. Dkt. No, 32.

asserting various causes of actions premised on her claims that she did not sign the loan documents, and that Wells Fargo Bank N.A.'s loan officer made misrepresentations regarding the structure of the loan. Dkt. No. 1-2. Defendants removed to federal court asserting federal question jurisdiction. The sole remaining defendant, Nationstar, now moves for summary judgment on Albin's claims.

The following facts are undisputed. On or about September 24, 2009, Rita Albin and Norbert J. Albin executed a contract with Wells Fargo in the form of a Close-End Fixed Rate Note (Home Equity Conversion) in the amount of $525,000.00. The Note was secured by a lien on real property as evidenced by a Home Equity Conversion Deed of Trust recorded in the Official Real Property Records of Hays County. These documents together constitute the Reverse Mortgage. The Reverse Mortgage was created under the provisions of TEX. CONST. ART. XVI § 50(k).

Wells Fargo was the original lender. On or about September 5, 2017, Wells Fargo executed an Assignment of Deed of Trust to Nationstar which was recorded in the real property records of Hays County. Nationstar is the current holder of the Note and beneficiary of the Deed of Trust. The Albins are the obligors under the terms of the Note. On or about December 30, 2016, Mr. Albin passed away. Accordingly, Plaintiff Rita Albin is the sole remaining obligor on the Note. Under Paragraph 2 of the Deed of Trust, the Albins specifically agreed that they would pay all:

> taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower as provided for in the Loan Agreement.

Dkt. No. 26-3 at 2. Relying on Rita Albin's affidavit, and an order from the state court case, Nationstar maintains that the Albins failed to pay taxes and insurance premiums, in breach of the terms of the Reverse Mortgage. Dkt. Nos. 1-2, 26-9.

Wells Fargo mailed to the Albins the required notice of default and right to cure the default on May 17, 2016, and the Albins failed to cure the default. After determining that Mr. Albin was deceased, on July 29, 2016, Wells Fargo, through its foreclosure counsel, mailed to Rita Albin and the heirs of Norbert J. Allen, a demand letter, and provided them another opportunity to cure the default. Rita Albin and the heirs of Norbert J. Ablin failed to cure the default. Accordingly, on September 20, 2016, Wells Fargo, through its foreclosure counsel, filed suit in Texas state court, seeking to judicially foreclose on the property. As noted, Nationstar acquired its interest in the mortgage on or about September 5, 2017. A Third Amended Petition reflecting that acquisition was filed in the state court proceeding. Ultimately, on May 9, 2018, the state court entered judgment allowing Nationstar, its successors or assigns, to foreclose.

In this case, removed by Defendants from state court, Albin asserts claims to quiet title, breach of fiduciary duty, unjust enrichment, and violations of the Federal and Texas Fair Debt Collection Practices Acts. *Id.*[2] Albin also requests declaratory judgment, damages including statutory damages, and attorney fees. Nationstar moves for summary judgment, asserting Albin's claims are barred by res judicata, and, alternatively, Albin's claims are unsupported by both federal and Texas law, and fail both factually and legally.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a

---

[2] Albin also brought fraud and negligent misrepresentation claims against Wells Fargo, which has since settled with Albin and has been dismissed from this suit. She did not make such claims against Nationstar.

rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress her claims. *Id.*

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted).

### III. ANALYSIS

Nationstar asserts it is entitled to summary judgment based on res judicata and collateral estoppel, and also contends that Albin's various state law causes of action fail to state a claim. Nationstar's summary judgment evidence is uncontroverted as Albin has failed to respond to the motion, and has presented none of her own summary judgment evidence to the Court. Considering

the uncontroverted summary judgment evidence, the Court finds that Albin's claims are barred by res judicata.

Nationstar argues that this case is barred by res judicata because all the claims brought here have already been resolved by or could have been brought before the state court in the prior lawsuit. Nationstar argues that because Albin's claims are based on Texas law, and were resolved by a prior judgment of a Texas court, Texas's law of res judicata should apply. *Cervantes v. Ocwen Loan Servicing, L.L.C.*, 749 Fed. Appx. 242, 245 (5th Cir. 2018). Under the doctrine of res judicata, a final judgment in an action bars a party from bringing a second suit "not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992) (emphasis omitted) (quoting *Tex. Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)). The application of res judicata is predicated on the existence of a final judgment in a separate lawsuit. *Creative Thinking Sources, Inc. v. Creative Thinking, Inc.*, 74 S.W.3d 504, 512 (Tex. App.—Corpus Christi 2002, no pet.); *see Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 100–01 (Tex. App.—Eastland 2010, pet. denied). In Texas, res judicata applies if there is "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Nationstar relies on an Amended Summary Judgment Order in the state court case mentioned in the factual background. *See* Dkt. No. 26-9. That Order, involving all the same parties that are involved in this case, found that Albin was in default on the Reverse Mortgage, that Nationstar had

5

a valid lien, and that Nationstar had the right to enforce its lien by foreclosing on the property. The Order stated, "All relief not granted herein is denied. This Judgment disposes of all parties and all claims and is appealable." Dkt. No. 26-9 at 5.  Each of the requirements of res judicata is satisfied here.  As mentioned, the parties to the suits are identical. As to the second prong, no one disputes that the state court had jurisdiction over the property or the parties. Moreover, the Hays County District Court found it had jurisdiction.  Finally the summary judgment order was a final judgment and was not appealed.

The sole remaining question is whether Albin's claims challenging the circumstances under which the loan documents were signed, and the subsequent collection of the loan—the claims she makes in this case—could and should have been asserted in the prior lawsuit.  The subject matter of the two lawsuits was the same:  the property, the Reverse Mortgage, the payment of taxes and insurance on the property, and Nationstar's right to foreclose on the property. Thus, any arguments Albin had about the validity of the Reverse Mortgage and any claim that Wells Fargo or Nationstar had violated the Texas or Federal Fair Debt Collection Practices Acts,[3] had breached their fiduciary duty, committed fraud, made a negligent misrepresentation, or been unjustly enriched could have been brought in the state court case, either as defenses, or as counterclaims, since they all arose out of the same transaction or occurrence that was the subject of that suit.  *See, e.g., In re Hollie*, 622 B.R. 221, 232 (Bankr. S.D. Tex. 2020). Res judicata therefore bars Albin's suit, and it should therefore be dismissed with prejudice. *Cervantes*, 749 Fed. Appx. at 245-46.

---

[3] Albin's claims brought pursuant to the Federal Fair Debt Collection Practices Act are time-barred.  The FDCPA contains a one year statute of limitations. 15 U.S.C. § 1692k(d). Albin filed this suit on July 26, 2019, but complains about charges that occurred in 2014, 2015, and 2017.

## IV. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the District Court **GRANT** Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage Company's Motion for Summary Judgment (Dkt. No. 25) and **DISMISS** the case **WITH PREJUDICE**, and **DENY AS MOOT** Albin's Motion to Dismiss Defendant Nationstar Without Prejudice (Dkt. No. 27).

The Clerk is directed to remove this case from the docket of the undersigned and return it to the docket of the Honorable David Ezra.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party must specifically identify the findings or recommendations to which they object. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A failure to file written objections to this Report within fourteen days after service of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of March, 2021.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE